Dear Inspector Daxon,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Does the State Auditor and Inspector have the authority to examinerecords and files deemed by the Oklahoma Tax Commission to beconfidential and privileged?
House Bill 1019, Thirty-Seventh Legislature — First Regular Session, 138, Laws 1979, c. 30, p. 119 to be codified as 74 O.S. 212 (1979), imposes upon the State Auditor and Inspector the duty to examine the books and accounts of the state officers:
 ". . . whose duty it is to collect, disburse or manage funds of the State . . ." Emphasis added
The Oklahoma Tax Commission has a duty to collect State funds. House Bill 1019, supra, 114, Laws 1979, c. 30, p. 106 to be codified as 68 O.S. 106 (1979), authorizes and directs the State Auditor and Inspector to make a continuous examination and audit of the books and accounts of the Tax Commission. It continues:
 ". . . The Tax Commission shall furnish the necessary office space for the employees of the State Auditor and Inspector making said audit and, to the extent of the amount included in the Tax Commission's appropriation therefor, the Tax Commission shall pay the expenses of such audits . . ."
House Bill 1019, supra, 115, Laws 1979, c. 30, pp. 106-108 to be codified as 68 O.S. 205 (1979), provides that all records and files of the Tax Commission shall be considered confidential and private. It states in pertinent part:
 "(a) The records and files of the Tax Commission concerning the administration of this article, or of any state tax law, shall be considered confidential and privileged, except as provided otherwise by law and neither the Tax Commission nor any employee engaged in the administration thereof or charged with the custody of any such records or files, nor any person who may have secured information therefrom, shall divulge or disclose any information obtained from the said records or files or from any examination or inspection of the premises or property of any person.
 "(b) . . . Nothing herein contained shall be construed to prevent:
 "(3) The examination of such records and files by the State Auditor and Inspector, or his duly authorized agents;" Emphasis added
The same statute which renders the records and files of the Tax Commission confidential and privileged expressly provides that the said provision shall not be construed to prevent:
 ". . . the examination of such records and files by the State Auditor and Inspector . . ." Emphasis added
It will be noted that the requirement that the records and files of the Tax Commission be considered confidential and privileged is conditioned by the words, "except as provided otherwise by law." As to the State Auditor and Inspector, an exception is integrated within 68 O.S. 205 itself. The use of the term "such" is dispositive of the question. The records and files which the State Auditor and Inspector must inspect are identical to the records and files rendered confidential and privileged by 68 O.S. 205.
This conclusion entails two caveats. First, the penalties relating to criminal liability set forth in 68 O.S. 205 apply with equal force to all persons who have secured information from the records and files of the Tax Commission, and obtains irrespective of how such information was secured. Accordingly, the State Auditor and Inspector are subject to the criminal penalties for breach of confidence set forth in 68 O.S. 205(c). And further, 68 O.S. 205(b) states in pertinent part:
 "It is further provided that the provisions of this act shall be strictly interpreted and shall not be construed as permitting disclosure of any other information contained in the records and files of the Tax Commission relating to income tax or any other taxes." Emphasis added
Second, the powers of the State Auditor and Inspector do not extend beyond the duties of that office. In this connection, the authority of the State Auditor and Inspector to examine the confidential records and files of the Oklahoma Tax Commission is to be strictly limited to those instances where the examination of such records is pursuant to the proper performance of the duties of his office.
It is, therefore, the opinion of the Attorney General that yourquestion be answered in the AFFIRMATIVE, and that the said answerencompass the following conclusions of law:
 1. The State Auditor and Inspector has the authority to examine theconfidential records and files of the Oklahoma Tax Commission, and issubject to the criminal penalties imposed for violation of the statutoryprovisions prohibiting disclosure of information secured from the saidrecords and files.
 2. The Oklahoma Tax Commission does not have the authority to deny theState Auditor and Inspector access to its records and files which theState Auditor and Inspector has authority to examine.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN PAUL JOHNSON, ASSISTANT ATTORNEY GENERAL